ENA J. CHRETIEN *vs.* VERONICA CHRETIEN.

Essex.   November 4, 1969. — December 3, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Husband and Wife*, Property.

Findings by a judge of a Probate Court that the owner of a savings account temporarily transferred it into his wife's name at her request with the understanding that she would eventually return it to him warranted a conclusion by the judge that the account was the property of the husband.

---

PETITION filed in the Probate Court for the county of Essex on February 17, 1967.

The case was heard by *Costello*, J.

*Frederick L. Nagle, Jr.*, for the respondent.

SPALDING, J.   This is a petition brought by Ena J. Chretien against his wife to establish his ownership in a sum of money formerly on deposit with the Exeter Banking Company of Exeter, New Hampshire.   The husband also sought to establish his ownership in a parcel of real estate, but no question concerning that is before us.   A decree was entered adjudicating that the amount in controversy ($4,230.85) belonged to the husband and the wife was ordered to pay this sum to him.   From this decree the wife appealed.   The judge made a report of material facts.   The evidence is not reported.

We summarize the pertinent findings as follows: The parties were married on March 22, 1964, and lived together in a house owned by the wife.   At the time of the marriage the husband was the owner of an account in the Exeter Banking Company in the amount of $4,200.   Following the marriage the wife asked her husband "to place the account in her name as his children might seek to make claim upon it."   She told him that the deposit was to be in her name "until the matter was straightened out" at which time she would return the deposit to him.   In accordance with her wishes both went to the bank and the account was changed from the name of the husband to the name of the wife.   Thereafter the husband, in order to purchase an automobile, went with his wife to the bank where she withdrew $300 and turned it over to her husband.

Sometime in November, 1966, a dispute arose between the parties over finances.   As a result, the wife ordered her husband out of the house and he has lived apart from her ever since.   On February 14, 1966, the wife withdrew the balance remaining in the account ($4,230.85) and has refused to turn it over to her husband.   The judge found that the account was the property of the husband.

When the evidence is not reported, the sole issue on appeal

is whether the facts found support the decision of the judge below. *Kittredge* v. *Manning*, 317 Mass. 689, 691. The wife claims that the report of material facts does not support a finding that no gift was made when the bank account was transferred by her husband to her. The judge, however, found that the transfer was made at the wife's request, that it was to be temporary, and that she would eventually return the money to her husband. These findings clearly support the court's conclusion that the money was the property of the husband.

*Decree affirmed.*